UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-850(DSD/SRN)

Timothy Edwards,

Plaintiff,

v. **ORDER**

Sentinel Management Company,

Defendant.

Timothy J. Edwards, 7525 Scott Avenue North, Brooklyn Park, MN 55443, *pro se*.

Barbara M. Burke, Esq., John R. Grieme, Esq. and Cousineau, McGuire & Anderson, 600 Travelers Express Tower, 1550 Utica Avenue South, Minneapolis, MN 55416, counsel for defendant.

This matter is before the court on defendant's motion for summary judgment and to compel Rule 26 disclosures of plaintiff. Based on a review of the file and record, and for the reasons stated below, the court grants defendant's motion for summary judgment, dismisses plaintiff's claims, and deems defendant's motion to compel Rule 26 disclosures moot.

**BACKGROUND**

On November 30, 1996, plaintiff Timothy J. Edwards ("Edwards") was injured while working as a part-time caretaker with Sentinel Management Company ("Sentinel"). In the fall of 1998, Edwards,

FILED 9·26·00
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. 9·26·00
Deputy Clerk's Initials ____

through his attorney, negotiated a settlement of a workers' compensation claim. The stipulation for settlement, signed by Edwards and his attorney, provided for a $30,000 cash payment, left open reasonable and necessary future medical care and treatment, and included as part of its terms an agreement that Edwards voluntarily resign from Sentinel and waive all rights to continued employment or reinstatement. Contained within that voluntary resignation and signed at the same time as the stipulation, was a clause whereupon Edwards released his right to bring any claim under the Americans with Disabilities Act ("ADA"). Although Edwards had a right to rescind the release by giving written notice within 15 days, Edwards chose not to do so. The resignation became effective upon the issuance of an award of stipulation by the workers' compensation court on November 2, 1998.

On April 5, 2000, Edwards filed this lawsuit alleging that Sentinel had violated the ADA. On June 20, 2000, Magistrate Judge John M. Mason issued a Pretrial Scheduling Order setting July 1, 2000, as the deadline for Edward's Rule 26(a)(1) disclosures. On June 29, 2000, Sentinel filed and served a motion for summary judgment.[1]

[1] On July 13, 2000, Sentinel filed and served an amended memorandum of law in support of its motion summary judgment.

On August 10, 2000, Sentinel filed and served a motion to compel parties' Rule 26(a)(1) disclosures. A hearing for both motions was set for September 1, 2000.

On September 1, 2000, Sentinel by and through its counsel appeared before this court on its motions for summary judgment and to compel Edwards' Rule 26(a)(1) disclosures. Edwards did not appear. As of September 1, 2000, Edwards had not provided to either the court or Sentinel a response to Sentinel's motion for summary judgment. In addition, neither the court nor Sentinel has been provided with Edwards' Rule 26(a)(1) disclosures, and Edwards has not responded to Sentinel's motion to compel Edwards' Rule 26(a)(1) disclosure.

For the following reasons, the court grants Sentinel's motion for summary judgment, dismisses plaintiff's claims, and denies the motion to compel disclosures as moot.

## DISCUSSION

**Summary Judgment**

To survive a motion for summary judgment, the nonmoving party may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial.[2] See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986);

---

[2] Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, (continued...)

Fed. R. Civ. P. 56 ("When a motion for summary judgment is made ... an adverse party may not rest upon the allegations or denials of the adverse party's pleadings, but the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not do so respond, summary judgment, if appropriate shall be entered against the adverse party."). Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. See id. at 322-23.

In addition, Local Rule 7.1(b) specifies that responding parties shall file and serve their response to motions at least nine (9) days prior to a scheduled hearing. "In the event that a party fails to timely deliver and serve a memorandum of law , the Court may ... proceed in such manner as the Court deems appropriate." Local Rule 7.1(d).

---

[2](...continued) depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Fed. R. Civ. P. 56(c). A fact is material only when its resolution affects the outcome of the case. See Anderson, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

Since plaintiff has failed to respond to defendant's motion for summary judgment, the court determines that the entry of summary judgment against plaintiff is appropriate. Because the court concludes that plaintiff has not met his burden under Rule 56 or Local Rule 7.1(b) and that defendant is entitled to summary judgment, the court need not address the issue of plaintiff's stipulation to voluntarily resign and waive any future claims under the ADA.

However, as an additional basis of dismissal, the court notes that pursuant to Fed. R. Civ. P. 37(b)(2)(C) since Edwards failed to make his Rule 26(a) disclosures, the court has authority to dismiss Edwards' action and render a judgment by default in defendant's favor. Fed. R. Civ. P. 37(b)(2)(C).

It is **HEREBY ORDERED** that:

1. Sentinel Management's motion for summary judgment is granted.

2. All claims by Timothy J. Edwards against defendant Sentinel Management Company are hereby dismissed with prejudice.

3. The motion by defendant Sentinel Management Company to compel plaintiff Timothy J. Edwards' Rule 26 disclosures is denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: September 26, 2000

David S. Doty, Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd